before the same referee, with costs of this appeal to the appellants to abide the final award of costs.

BARKER, P. J. and DWIGHT, J., concurred.

Judgment reversed and a new trial granted before another referee, with costs to abide the final award of costs.

---

THE SENECA NATION OF INDIANS, APPELLANT, *v.* JACOB LEHLY AND HARRIET LEHLY, RESPONDENTS.

*Seneca Nation of Indians — right of a half-breed to occupy lands set off to an Indian under section 6 of chapter 150 of 1845 — presumption from long occupancy.*

The provisions of section 6 of chapter 150 of the Laws of 1845, in relation to the Seneca Indians, provides that "said chiefs, at any annual or special meeting, may determine on the laying out of their lands for separate cultivation, improvement or occupancy by any Indian and his family, and the quantity to each; * * * and every parcel so allotted shall remain in the Indian to whom the same was assigned, and his legal representatives, but without the power of alienating, or in any way disposing of the same, except to some other Indian of the said Nation."

*Held*, that said act did not preclude the holding of lands, set apart under the provisions thereof, by the descendant of a member of the Seneca Nation of Indians, to whom they were originally set apart, although such descendant was a white woman, and her mother was also white.

The statute does not impose any restriction upon a half-breed to successorship and occupancy of such land.

The prohibition against the alienation of such land, to others than members of the tribe, does not apply to the occupancy of one who claims a right to possession as the husband and agent of his half-breed wife, a direct lineal descendant of one of the tribe.

A reasonable presumption arises from the fact of long-continued occupancy by an Indian of the tribe and his successors, openly and under the eyes of the whole tribe, that such right of occupancy has been granted by the peace-makers of the tribe.

APPEAL by the plaintiff from a judgment, entered in the office of the clerk of the county of Erie on the 20th day of December, 1888, adjudging that the defendants are entitled to judgment against the plaintiff for the dismissal of the complaint on the merits, with costs.

The action was brought to recover the possession of the parcels of land forming a part of the Cattaraugus Indian reservation.

The defendant Jacob Lehly is a white man, and, therefore, not entitled, in his own right, to the possession of any part of the Indian reservation. But by an agreed statement of facts it was shown that the other defendant, Harriet Lehly, was one of the children and heirs-at-law of Chauncey C. Jemison, and as such she claimed to be entitled, so far as her share or interest would extend, to the benefit and enjoyment of the property occupied and possessed by her father, and his ancestors before him. And it further appeared that she and her mother, who was the surviving widow of Chauncey C. Jemison, were in the control of the premises in dispute, and that the defendant Jacob Lehly was in the possession only as the servant and agent of his wife and her mother.

*Hudson Ansley*, for the appellant.

*Leroy Andrus*, for the respondents.

MACOMBER, J.:

The facts upon which this controversy arises are undisputed and the same were agreed upon by the parties, and were submitted to the court upon the trial without a jury. The defendants claim the right to the continued possession of the premises under a title derived from one Chauncey C. Jemison, a member of the Seneca Nation of Indians, who died on the reservation in the month of March, 1885. The defendant Harriet Lehly, the wife of the defendant Jacob Lehly, is a daughter of Chauncey C. Jemison. For a period of more than twenty years before the beginning of this action, and during the lifetime of Chauncey C. Jemison, these lands were held in severalty and were occupied and claimed by him and his ancestors and grantors, as members of this tribe of Indians. Chauncey C. Jemison and his predecessors were all Indians, of full blood, belonging to that nation. But the defendant Jacob Lehly is a white man ; and the mother of the defendant Harriet Lehly, whose name was Adelaide E. Jemison, was a white woman. From this fact, namely, that Jacob Lehly is a white man and Harriet Lehly is the daughter of a white woman, it is argued, by the learned counsel for the appellant, that the lands in question cannot be held by them under the laws of this State relating to this tribe of Indians.

By chapter 150 of the Laws of 1845 (incorporated in 2 R. S.

[6th ed.], 1051) it is provided (§ 1) that the Seneca Indians shall hold the lands contained in this reservation as a distinct community, and shall have the right to maintain actions which may be necessary to protect the rights and interests of the nation. That portion of section 6 of said act (2 R. S. [6th ed.], 1053, 1054), bearing upon the question before us, is as follows : "And the said chiefs, at any annual or special meeting, may determine on the laying out of their lands for separate cultivation, improvement or occupancy by any Indian and his family and the quantity to each, , *   *   *   and when any land shall be set apart for any Indian or family, the peace-makers of the reservation shall lay out the same as shall have been directed, or in case specific instructions have not been given, as they shall judge reasonable and proper; and the said parcel shall be marked out and described by them and the description thereof in writing shall be entered in a book by the said peace-makers, and every parcel so allotted shall remain in the Indian to whom the same was assigned and his legal representatives, but without the power of alienating or in any way disposing of the same except to some other Indian of the said nation; and when any such sale or disposition shall be made the same shall be reported to the peace-makers of the reservation and by them entered in the said book."

The facts so agreed upon do not distinctly state that these lands were laid out under the authority of the chiefs for separate cultivation, improvement or occupancy by Chauncey C. Jemison or by his ancestors; and it is argued from this circumstance that the conclusion of the learned judge, finding such actual laying out of the lands, is erroneous. But it seems to us that his fourth finding of fact is a necessary corollary from the facts so agreed upon. The lands had been possessed and controlled by Chauncey C. Jemison and his ancestors for a long period, much more than twenty years, and such occupancy and control had been undisputed so far as the case discloses the fact to be. It was legitimate, therefore, for the trial judge to derive, as a conclusion of fact, that the lands had actually been laid out for the separate cultivation, improvement and occupancy, by and for the ancestors of Chauncey C. Jemison, and that they were marked out and allotted for that object by the peace-makers of the Seneca Nation of Indians pursuant to law. A reasonable presumption arose from the fact of the occupancy by

Chauncey C. Jemison and his ancestors, openly and under the eyes of the whole tribe, that the peace-makers of the tribe had granted such occupancy. It was a proper inference drawn from other facts. and circumstances in the case, and was made upon common principles of induction. (*Jackson* v. *Russell*, 4 Wend., 543; Angell on Lim., § 380, and note; Buswell on Lim. and Adv. Possess., § 231; *O'Gara* v. *Eisenlohr*, 38 N. Y., 296.)

An examination of the statute, already referred to, does not disclose any restriction upon the right of a half-breed to the successorship and occupancy of the land. It matters not whether the family, thus coming into possession of the lands, was of the whole blood or not. The defendant Harriet Lehly, the daughter of Chauncey C. Jemison, is a member of the family and is entitled to be protected in her possession. The prohibition against alienation of such lands to others than members of the tribe cannot apply to the defendant. Jacob Lehly because he does not occupy or claim the lands in his own right, but only as the husband and agent of his half-breed wife, the direct lineal descendant of Chauncey C. Jemison, and also as the agent of her mother, the widow of Chauncey C. Jemison, both of whom are supported thereon.

The judgment appealed from should be affirmed.

DWIGHT, J., concurred; BARKER, P. J., not voting.

Judgment affirmed.